UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

TJ PALM BEACH ASSOCIATES
LIMITED PARTNERSHIP,
a Delaware limited partnership,

    Plaintiff,

vs.

CITY FURNITURE, INC., a
Florida corporation,

    Defendant.
_____/

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

Plaintiff TJ PALM BEACH ASSOCIATES LIMITED PARTNERSHIP ("Plaintiff" or "Landlord") sues Defendant CITY FURNITURE, INC. ("Defendant" or "Tenant") and alleges:

### JURISDICTION AND VENUE

1. This is an action seeking a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and for anticipatory breach of contract. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the value of $75,000 and is between citizens of different states.

2. Venue is proper with this Court pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim occurred in this district and the leasehold property that is the subject of this action is situated in this district.

3. Plaintiff is a Delaware limited partnership with its principal place of business in Michigan. Plaintiff is the owner and Landlord of certain property in Palm Beach County, Florida commonly known as The Mall at Wellington Green ("Wellington Green").

4.     Defendant is a Florida corporation doing substantial business in Palm Beach County, Florida.  Defendant is a Tenant at Wellington Green.  It occupies space pursuant to a written Lease dated March 16, 2005.  A true and correct copy of the Lease between the parties is attached hereto as Exhibit 1.

## GENERAL ALLEGATIONS

5.     Pursuant to the provisions of the Lease, its Initial Term is 10 years.  Section 1.02 of the Lease provides that the Initial Term of the Lease expires January 31, 2015.

6.     Pursuant to the Data Sheet appended to and incorporated into the Lease, there are three five-year Option Terms after the Initial Term of the Lease.  According to the provisions of the Lease, "[s]uch option shall be deemed automatically exercised by Tenant unless Tenant has provided Landlord with written notice electing not to extend the term of this Lease at least three hundred sixty-five (365) days prior to the expiration date of the initial or then current option term of this Lease.  Such notice shall be delivered by certified mail, return receipt requested, to Landlord at the place where rent is payable under this Lease.  Failure of Tenant to provide such notice within the time frame and in the manner provided shall mean that Tenant has exercised the option in question."  *See* Lease at page D1.

7.     Defendant failed to provide Plaintiff with written notice electing not to extend the term of the Lease in accordance with the provisions of the Lease.  Had Defendant wanted not to extend the term of the Lease, it was obligated to provide the required written notice on or before January 31, 2014.

8.     Defendant takes the position that it complied with the terms of the Lease and provided compliant written notice electing not to extend the term of the Lease through an email that its president, Keith Koenig, sent on January 28, 2014 to Cheryl Johnson, a leasing agent for Plaintiff working at a location different from the place where rent is payable under

the Lease. However, in addition to not complying in any respect whatsoever with the specifics of the notice requirements of the Lease, the email was expressly equivocal and preliminary, asking to speak with someone from Plaintiff "to renegotiate the lease renewal, before we finalize anything."

9. Ms. Johnson forwarded the January 28, 2014 email from Defendant's president to Jerry Teitelbaum, her vice president, for response. Mr. Teitelbaum, hopeful that Defendant would choose not to provide written notice electing not to extend the term of the Lease, expressed a willingness to speak with Defendant and conduct the requested negotiations. While Defendant's president responded to Mr. Teitelbaum that same day and suggested times to speak prior to the January 31, 2014 deadline to provide written notice electing not to extend the term of the Lease, there were no further discussions and no such written notice was ever provided. A true and correct copy of the January 28, 2014 email chain is attached hereto as Exhibit 2.

10. Nothing further was heard from Defendant regarding potentially renegotiating the terms of the Lease or about the Option Term until on or about May 14, 2014 (over three and one-half months later), when Defendant's attorney spoke to Mr. Teitelbaum on the telephone and took the position that, by virtue of the January 28, 2014 email from its president to Plaintiff's leasing agent, Defendant had provided timely, compliant written notice that it had elected not to extend the term of the Lease.

11. Defendant's attorney then sent on May 16, 2014 a certified letter, with return receipt requested, to Mr. Teitelbaum reiterating Defendant's position that the Lease will terminate on January 31, 2015. The letter demanded a response and threatened legal action if Plaintiff did not capitulate to Defendant's nearly four month delinquent effort to elect not to extend the term of the Lease.

3

12. Plaintiff has been required to retain counsel to enforce the provisions of the Lease. Pursuant to Section 19.03 of the Lease, the prevailing party is entitled to recover its reasonable attorney's fees and costs.

## COUNT I
## DECLARATORY JUDGMENT

13. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 12 of the Complaint as if set forth fully herein.

14. A controversy currently exists between the parties as to the applicable termination date of the Lease. Defendant claims that it provided timely, compliant written notice that it had elected not to extend the term of the Lease by virtue of the January 28, 2014 email from its president to Plaintiff's leasing agent and, therefore, the Lease will terminate on January 31, 2015. Plaintiff maintains that Defendant did not provide timely, compliant written notice that it had elected not to extend the term of the Lease, and that the Option Term will thus commence on February 1, 2015 and continue until January 31, 2020, unless terminated earlier in accordance with the terms of the Lease. Plaintiff further contends that Defendant's position is in breach of its covenants under the Lease.

15. Accordingly, due to the existence of the real and justiciable issue between the parties, Plaintiff is in need of a declaratory decree pursuant to 28 U.S.C. §§ 2201 and 2202 as to its rights and obligations under the Lease.

WHEREFORE, Plaintiff prays that the Court take jurisdiction over the parties and subject matter hereto, and provide relief as follows:

a. Declaring that Defendant has failed to provide timely, compliant written notice that it had elected not to extend the term of the Lease, and that the Option Term will thus commence on February 1, 2015 and continue until January 31, 2020, unless terminated earlier in accordance with the terms of the Lease; and

4

b. Entering such other orders as may be appropriate and awarding Plaintiff its reasonable attorney's fees and costs.

## COUNT II
## BREACH OF CONTRACT

16. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 12 of the Complaint as if set forth fully herein.

17. The Lease is a valid and binding contract between Plaintiff and Defendant.

18. Defendant takes the position that, by virtue of the January 28, 2014 email from its president to Plaintiff's leasing agent, Defendant provided timely, compliant written notice that it had elected not to extend the term of the Lease. Defendant further takes the position that, as a result, the Lease will terminate on January 31, 2015.

19. Because Defendant has not complied with the terms of the Lease regarding the providing of notice electing not to extend the term of this Lease, the Option Term has been exercised. The Option Term will commence on February 1, 2015 and continue until January 31, 2020, unless terminated earlier in accordance with the terms of the Lease.

20. Defendant's contrary position is an anticipatory breach of the terms of the Lease.

21. Defendant's anticipatory breach of the Lease has caused damages to Plaintiff.

WHEREFORE, Plaintiff seeks an award of compensatory damages against Defendant, reasonable attorney's fees and costs, and such other relief as may be deemed just and proper.

Dated: July 28, 2014.

Respectfully submitted,

COFFEY BURLINGTON, P.L.
*Counsel for Plaintiff*
2601 South Bayshore Drive, Penthouse
Miami, Florida  33133
Tel:  305-858-2900
Fax:  305-858-5261

By: */s/ Daniel F. Blonsky*
   Daniel F. Blonsky, FBN 972169
   dblonsky@coffeyburlington.com
   groque@coffeyburlington.com
   service@coffeyburlington.com